

FILED
2019 Oct-11 PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **C.D. NORBERG & ASSOCIATES, INC.,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | **2:19-cv-01592-MHH** |
| **GS ADMINISTRATORS, INC.,** | ) ) ) |
| Defendant. | ) |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

COMES NOW GS Administrators, Inc. (hereinafter "GS Administrators" or "Defendant") and pleads this Answer, Affirmative Defenses, and Counterclaim to that Complaint filed by C.D. Norberg & Associates, Inc.'s (hereinafter "Plaintiff" or "C.D. Norberg"). In support thereof, GS Administrators states as follows:

### ANSWER TO COMPLAINT

1. Admit.

2. GS Administrators is without sufficient information and belief in order to admit or deny whether it is "doing business by agent" as that phrase is vague and ambiguous, but it admits that it is doing business in Alabama generally but denies that it is currently doing business with any accounts in Shelby County, Alabama.

3. Generally admitted but denied to the extent any allegation differs or is inconsistent with the Agreement.

2503676.6

4. Generally admitted but denied to the extent any allegation differs or is inconsistent with the Agreement.

5. Generally admitted but denied to the extent any allegation differs or is inconsistent with the Agreement.

6. Generally admitted but denied to the extent any allegation differs or is inconsistent with the Agreement.

7. Admitted that GS Administrators can terminate the Agreement upon an event of default. GS Administrators further denies that Plaintiff maintained or is able to maintain the quality and level of service on the Accounts (subsequently defined) in order to service them and that Plaintiff was not in breach of the Agreement.

8. Denied to the extent the allegation implicates that GS Administrators initiated the action(s) that resulted in the Accounts' decision to terminate Plaintiff. GS Administrators, however, admits that payment is no longer issued to Plaintiff on the Accounts.

9. Admit.

10. Generally admitted but denied to the extent any allegation differs or is inconsistent with a letter dated July 25, 2019 from GS Administrators to Plaintiff and apparently referenced in part by Plaintiff in this paragraph.

11. Denied.

12. Denied.

13. Admit.

## COUNT 1:  DECLARATORY JUDGMENT

14. Denied.

15. GS Administrators admits that payment is no longer to be issued to Plaintiff on the Accounts.  GS Administrators denies that it is in breach of the Agreement to the extent alleged.

16. Denied.

17. This averment requires no response from GS Administrators.  To the extent it does, GS Administrators denies that Plaintiff is entitled to a declaration that it is entitled to continue to receive reporting and payment on the Accounts that it no longer services and can no longer service since the Accounts terminated their relationship with Plaintiff.

## COUNT 2:  BREACH OF CONTRACT

18. Denied.

19. Denied.

As to the unnumbered paragraph and sentences following paragraph 19, GS Administrators denies any wrongdoing and denies that the Plaintiff is entitled to the relief sought or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause of action for which relief can be granted.

2. There is no duty on the part of GS Administrators to continue to pay commissions to C.D. Norberg on the Accounts. More specifically, the duty on the part of GS Administrators to pay C.D. Norberg on the Accounts under Section 4(a) ceased once C.D. Norberg failed to service the Accounts pursuant to GS Administrators' procedures and standards and/or when the Accounts changed general agents. Further, the Agreement does not contemplate continued payment to C.D. Norberg unless C.D. Norberg is actively servicing the Accounts, which it is not and cannot.

3. GS Administrators pleads the defenses of impossibility, impracticability, and/or frustration of performance. More specifically, in order to receive commissions, C.D. Norberg would have to service the Accounts, and by servicing the Accounts, C.D. Norberg would cause the Accounts to cancel with GS Administrators. Thus, to permit the relief C.D. Norberg seeks would result in the Accounts' cancellation of business with GS Administrators thus creating a legal impossibility, impracticality, and/or frustrating the purpose of the Agreement.

4. GS Administrators pleads the defense of unclean hands.

5. Plaintiff's breach of contract claim fails for lack of consideration.

2503676.6

6. GS Administrators pleads the defense of waiver, acquiescence, and/or ratification.

7. Plaintiff's breach of contract claim fails as the relief sought is indefinite and not contemplated per the terms of the contract.

8. Plaintiff's actions and omissions associated with servicing the Accounts estops it from seeking the relief sought in the Complaint. More specifically, C.D. Norberg is estopped from now trying to service the Accounts and receive commissions since it previously tried to terminate its relationship with the Accounts.

9. Plaintiff failed to comply with all conditions precedent to filing suit including, but not limited to, complying with the Alternative Dispute Resolution procedures set forth in the contract.

10. Plaintiff's claims are due to be dismissed for failure to mitigate its alleged damages.

11. GS Administrators reserves the right to challenge venue.

12. GS Administrators reserves the right to assert additional affirmative defenses.

## **COUNTERCLAIM**

1. Defendant/Counterclaim-Plaintiff GS Administrators and Plaintiff/ Counterclaim-Defendant C.D. Norberg & Associates, Inc. entered into an Amended

2503676.6

and Restated General Agent Agreement on or about February 6, 2015, and which has been attached as Exhibit "1" hereto (the "Agreement").

2. Per the Agreement, C.D. Norberg was appointed as GS Administrators nonexclusive representative for the solicitation, installation, and servicing of automobile dealers and/or financial institutions for the sale of finance and insurance products offered by GS Administrators.

3. More than ten years ago, GS Administrators, through C.D. Norberg, began selling, installing, and servicing accounts 104 and 105 for Champion Chevrolet and Champion Chrysler Dodge respectively located in Limestone County, Alabama (the "Accounts").

4. Servicing of accounts includes, but is not limited to, notifying the accounts of new products being offered by GS Administrators, positively representing the products, working with finance and insurance employees at the accounts to help them better sell the products to the accounts' customers, reviewing the performance of individual finance and insurance employees at the accounts and implementing training and procedures to make them more productive, and maintaining GS Administrators' relationship with the accounts so that the accounts do not transfer their business to one of GS Administrators' competitors.

5. Despite its long relationship with the Accounts, C.D. Norberg's relationship with the Accounts began to deteriorate in 2017.

2503676.6

6. The relationship deteriorated because of a conflict between C.D. Norberg and the Accounts.

7. C.D. Norberg stopped servicing the Accounts at the end of 2017, in part because of the departure of one of its key employees who had the primarily responsibility for servicing the Accounts.

8. In September of 2018, C.D. Norberg requested that GS Administrators and its third-party product provider cancel the Accounts due to a disagreement C.D. Norberg had with the Accounts.

9. Also in September of 2018, C.D. Norberg stopped paying service fees of a menu provider for a system used by the Accounts and which had previously been paid for by C.D. Norberg for the Accounts' benefit.

10. GS Administrators declined to cancel its or the third-party product provider's business with the Accounts.

11. The Accounts expressed concern to GS Administrators over the lack of service that was supposed to be provided by C.D. Norberg.

12. GS Administrators shared the Accounts' concerns with C.D. Norberg on multiple occasions, but C.D. Norberg did not alter its behavior and it continued to not provide service to the Accounts.

13. During 2018 and 2019, in order to maintain the Accounts, GS Administrators intervened and directly serviced the Accounts while keeping C.D. Norberg informed of its actions.

14. During that time, the Accounts interacted with and directed their inquiries concerning products and service to GS Administrators.

15. C.D. Norberg was aware that GS Administrators was directly servicing and interacting with the Accounts but still did not alter its behavior nor did it resume servicing of the Accounts.

16. Despite the fact that GS Administrators was directly servicing the Accounts during this time period and C.D. Norberg was not, C.D. Norberg continued to receive commissions from GS Administrators.

17. During the time period from September 2018 to June 2019, GS Administrators urged C.D. Norberg to reengage with the Accounts and start servicing the Accounts in an effort to salvage the relationship with the Accounts. C.D. Norberg did not alter its behavior or begin servicing the Accounts.

18. Still receiving no service from C.D. Norberg, on July 1, 2019, the Accounts sent a letter to C.D. Norberg terminating its relationship with C.D. Norberg.  A copy of the termination letter has been attached as Exhibit "2" hereto.

19. The Accounts established a relationship with a new general agent to service them and required GS Administrators to work with the new agent for GS Administrators to maintain the Accounts' business.

20. GS Administrators is now working with the new agent, who is servicing the Accounts and receiving commissions for its services.

21. GS Administrators would not have started working with the new agent but for C.D. Norberg's failure to adequately service the Accounts and but for the Accounts' direction to GS Administrators to start working with the new agent.

## COUNT 1:   BREACH OF CONTRACT

22. The Agreement governs the relationship between Plaintiff and GS Administrators.

23. Pursuant to Sections 1, 1(b), and 1(e)(iii) of the Agreement, C.D. Norberg is obligated to service the Accounts by performing all necessary training, customer service, and administration of the products through GS Administrators' applicable procedures as well as review all Accounts on a regular basis to ensure compliance of the Accounts with GS Administrators' products and procedures.

24. Starting in 2018, C.D. Norberg did not visit the Accounts, did not directly respond to inquiries from the Accounts, had no direct communications with the Accounts, failed to notify the Accounts of new products, did not work with nor

review the performance of individual finance and insurance employees at the Accounts, and failed to maintain GS Administrators' relationship with the Accounts.

25. The quality and level of service provided by C.D. Norberg to the Accounts, or lack thereof, does not satisfy GS Administrators' procedures and standards for servicing of its Accounts.

26. C.D. Norberg failed to service the Accounts in compliance with Sections 1, 1(b), and 1(e)(iii) of the Agreement and hence, is not entitled to continued commission payments associated with the Accounts.

27. C.D. Norberg's breach resulted in an overpayment of commissions which C.D. Norberg did not earn.

28. GS Administrators is entitled to a refund of all commissions paid but not earned from January 2018 through June 2019.

WHEREFORE GS Administrators requests the entry of a judgment against C.D. Norberg finding that:

(a) C.D. Norberg is in breach of the Agreement;

(b) as a result of the breach, GS Administrators is entitled to an award of compensatory damages for commissions paid to C.D. Norberg but not earned from January 2018 – June 2019;

(c)  as a result of the breach, C.D. Norberg is not entitled to compensation under the Agreement as it is not servicing the Accounts as is required by the Agreement in order to receive compensation; and

(d)  GS Administrators is entitled to such other and different relief to which it might be entitled as a result of C.D. Norberg's breach of contract.

/s/ Shaun K. Ramey
Shaun K. Ramey
T. Dylan Reeves
Attorneys for GS Administrators, Inc.

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL  35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
sramey@mcglinchey.com
dreeves@mcglinchey.com

2503676.6

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11th, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ ECF system, which will send notification of such filing to the following:

Jeffrey L. Ingram, Esq.
GALESE & INGRAM, P.C.
800 Shades Creek Parkway
Suite 300
Birmingham, AL 35209
Tel: (205) 870-0663
Fax: (205) 870-0681
Email: Jeff@Galese-Ingram.com

        /s/Shaun K. Ramey
        OF COUNSEL

2503676.6